IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 20-00026 SOM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT'S |
| | ) | MOTION FOR COMPASSIONATE |
| | ) | RELEASE |
| | ) | |
| vs. | ) | |
| | ) | |
| PATRICK L.F. VEGA, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

**I.      INTRODUCTION.**

In 2020, pursuant to a plea agreement, Defendant Patrick L.F. Vega, Jr., entered pleas of guilty to a drug crime and to being a felon in possession of a firearm and ammunition. *See* ECF Nos. 34 and 35.  In March 2021, Vega was sentenced to concurrent terms of 108 months of imprisonment, concurrent terms of 5 and 3 years of supervised release, and a $200 special assessment.  *See* ECF No. 49.  Vega, who is 41, is imprisoned at La Tuna FCI and has a scheduled release date of June 9, 2028. https://www.bop.gov/inmateloc/ (input Register No. 99713-022).

Pointing to his health conditions and the pandemic, Vega seeks compassionate release.  However, because he fails to demonstrate an extraordinary and compelling reason warranting a sentence reduction, Vega's motion is denied.

**II.     BACKGROUND.**

Vega is serving his 108-month sentence at La Tuna FCI, a low-security federal correctional institution located in Anthony, Texas, which currently houses 881 inmates (693 at the FCI and 188 at its adjacent camp). *See* https://www.bop.gov/locations/institutions/lat/ (last visited May 4, 2022). As of the morning of May 4, 2022, La Tuna FCI has no active inmate case of COVID-19 and 3 active staff cases of COVID-19, with 573 inmates and 121 staff members having recovered from COVID-19. *See* https://www.bop.gov/coronavirus/index.jsp (last visited May 4, 2022). Given the number of inmates and staff who have recovered from the virus, there is no question that La Tuna FCI has previously experienced a significant COVID-19 outbreak.

As of May 4, 2022, 1,293 inmates and 231 staff at La Tuna FCI have been fully vaccinated against COVID-19. *See* https://www.bop.gov/coronavirus/index.jsp (last visited May 4, 2022). While the number of fully vaccinated inmates exceeds La Tuna FCI's current inmate population, the listed number of fully vaccinated inmates appears to be based on the number of inmates vaccinated at the facility over the course of the pandemic (including those who have transferred out of the facility), not the current inmate population. *See* ECF No. 56 n.2, PageID # 339.

The medical information submitted to the court under seal corroborates Vega's contention in his publicly filed motions that he is an obese diabetic with a history of mental illness. *See* ECF No. 52-5, PageID No. 272; ECF No. 60, PageID # 899.

Vega received the one-shot COVID-19 Johnson & Johnson vaccine in April 2021. *See* ECF No. 52-20, ECF No. 302. Vega also contracted COVID-19 in January 2022, but was asymptomatic. *See* ECF No. 60, PageID #s 650, 652.

**III.     ANALYSIS.**

Vega's compassionate release request is governed by 18 U.S.C. § 3582(c)(1)(A), which provides:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In other words, for the court to exercise its authority under § 3582(c)(1)(A), it must (1) find that the defendant exhausted

3

his administrative remedies or that 30 days have passed since he filed an administrative compassionate relief request; (2) also find, after considering the factors set forth in section 3553(a), that extraordinary and compelling reasons warrant a sentence reduction; and (3) find that such a reduction is consistent with the Sentencing Commission's policy statements (assuming there are any policy statements applicable to this motion).  *See United States v. Balgas*, 2021 WL 2582573, at *1 (D. Haw. June 23, 2021) *United States v. Scher*, 2020 WL 3086234, at *2 (D. Haw. June 10, 2020).

### A. Vega Has Satisfied the Time-lapse Requirement of 18 U.S.C. § 3582(c)(1)(A).

In November 2021, Vega asked the warden at his facility for compassionate release.  *See* ECF No. 56-3.  On December 12, 2021, the warden denied that request.  *See* ECF No. 50-1.  More than 30 days have now passed since Vega asked his warden for compassionate release, and there is no dispute that Vega has satisfied the time-lapse requirement of 18 U.S.C. § 3582(c)(1)(A).  *See* ECF No. 56, PageID # 334.

### B. This Court Has Discretion in Determining Whether Extraordinary and Compelling Reasons Justify a Reduced Sentence.

This court turns to § 3582(c)(1)(A)'s second requirement: whether extraordinary and compelling reasons warrant a sentence reduction.  In orders addressing compassionate release

motions in other cases, this judge has expressly recognized that it possesses considerable discretion in determining whether a particular defendant has established the existence of extraordinary and compelling reasons that justify early release.

This judge has also stated that, in reading § 3582(c)(1)(A) as providing for considerable judicial discretion, she is well aware of the absence of an amended policy statement from the Sentencing Commission reflecting the discretion given to courts when Congress amended the statute to allow inmates themselves to file compassionate release motions. *Balgas*, 2021 WL 2582573, at *2; *United States v. Mau*, 2020 WL 6153581 (D. Haw. Oct. 20, 2020); *United States v. Scher,* 2020 WL 3086234, at *2 (D. Haw. June 10, 2020); *United States v. Cisneros*, 2020 WL 3065103, at *2 (D. Haw. Jun. 9, 2020); *United States v. Kamaka*, 2020 WL 2820139, at *3 (D. Haw. May 29, 2020). Specifically, this court has recognized that an Application Note to a relevant sentencing guideline is outdated.  This court continues to view its discretion as not limited by Sentencing Commission pronouncements that are now at odds with the congressional intent behind recent statutory amendments.  *Balgas*, 2021 WL 2582573, at *2; *see also United States v. Brooker*, 976 F.3d 228, 235-36 (2d Cir. 2020) ("[W]e read the Guideline as surviving, but now applying only to those motions that the BOP has made."); *cf. United States v. Ruffin*, 978 F.3d 1000, 1007-08

(6th Cir. 2020) (noting that some courts have held that the Application Note is not "applicable," but not deciding the issue).

The Ninth Circuit has expressly recognized that there is no applicable Sentencing Commission policy statement governing compassionate release motions filed by defendants under § 3582(c)(1)(A).  Nevertheless, while the Sentencing Commission's statements in U.S.S.G § 1B1.13 are not applicable policy statements that are binding on this court, they may inform this court's discretion.  *See United States v. Aruda*, 993 F.3d 797, 801-02 (9th Cir. 2021) (per curiam).

### C. Vega Has Not Demonstrated That Early Release Is Appropriate.

Vega contends that extraordinary and compelling circumstances justify his early release.  He cites medical conditions as increasing his risk of suffering a severe case of the COVID-19 virus, which has been but is not currently present at La Tuna FCI.

According to the CDC, a person's risk of a severe illness from COVID-19 increases with age.  The CDC website explains that "Older adults are more likely to get very sick from COVID-19.  Getting very sick means that older adults with COVID-19 might need hospitalization, intensive care, or a ventilator to help them breathe, or they might even die.  **The**

6

**risk increases for people** in their 50s and increases in 60s, 70s, and 80s. People 85 and older are the most likely to get very sick."

https://www.cdc.gov/aging/covid19/covid19-older-adults.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Folder-adults.html#increased-risk (last visited May 4, 2022). Vega is 41.

Vega's status as an obese diabetic, without regard to the severity of his diabetes, places him at increased risk of a severe case of COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 4, 2022).

Vega contracted COVID-19 in January 2022, but was asymptomatic. *See* ECF No. 60, PageID #s 650, 652. That is, the record does not indicate that Vega's life was threatened. Vega also received a one-shot COVID-19 vaccine in April 2021. *See* ECF No. 52-20, ECF No. 302. In a recent study, the "CDC found that those who were unvaccinated and had a recent infection were 5 times more likely to have COVID-19 than those who were recently fully vaccinated and did not have a prior infection." https://www.cdc.gov/media/releases/2021/s1029-Vaccination-Offers-Higher-Protection.html (discussing October 2021 study) (last visited May 4, 2022). The CDC stated that "vaccination can provide a higher, more robust, and more consistent level of

7

immunity to protect people from hospitalization for COVID-19 than infection alone for at least 6 months." *Id.*

The combination of Vega's vaccination status and his breakthrough COVID infection possibly provides significant protection with respect to a reoccurrence of the disease. *See* Thomas A. Bates, Savannah K. McBride, and Bradie Winders, *Antibody Response and Variant Cross-Neutralization After SARS-CoV-2 Breakthrough Infection*, published in the Journal of the Amer. Medical Assoc. (Dec. 16, 2021). Vega's status as fully vaccinated, combined with a recent asymptomatic case of COVID-19, cuts against his claim that he should be released because of the possibility that he might get a severe case of COVID-19.

The court next turns to the factors set forth in § 3553(a) in connection with examining not only whether extraordinary and compelling reasons warrant a sentence reduction, but also analyzing the third compassionate release factor (whether early release is consistent with Sentencing Commission policy statements). One factor favors release: since his current conviction, Vega has had only one instance of prison discipline for possessing a homemade pillow, *see* ECF No. 56-2, PageID # 362.

On the other hand, there are several factors suggesting that early release should be denied, including the relatively small fraction of his sentence that he has served. At the time

8

of Vega's sentencing, this court determined that a 108-month sentence appropriately reflected the seriousness of his offenses, promoted respect for the law, and appropriately punished him for his crimes, which involved significant amounts of drugs and ammunition.

As detailed in the Presentence Investigation Report ("PSR"), Vega had a previous methamphetamine conviction for which he was on supervised release when he committed the crimes in this case. He also had a previous deferred acceptance of guilt with respect to a terroristic threatening charge. *See* ECF No. 41, PageID # 136. The court is concerned about public safety given Vega's failure to learn from his first methamphetamine conviction. Of course, this court hopes that Vega will lead a law-abiding life once released, but his personal history weighs against early release at this time.

Under § 3582(c)(1)(A), only extraordinary and compelling reasons can justify a reduction in an inmate's sentence. Having balanced the seriousness of Vega's crimes, the significant amount of time remaining on his sentence compared to the time he has served on that sentence, his conduct while incarcerated, his criminal history, and the totality of the medical information he has submitted, this court determines that the reasons raised by Vega, while important, do not rise to the

level of being extraordinary and compelling such that a reduction in his sentence is warranted.

For the same reasons, Vega has not satisfied § 3582(c)(1)(A)'s third requirement: he has not shown that release would be consistent with the Sentencing Commission's policy statements. Like the statute itself, the Sentencing Commission has indicated that a court may only reduce a term of imprisonment if extraordinary and compelling reasons support the reduction. See U.S.S.G. § 1B1.13. Vega has not made a showing of such reasons.

### III.     CONCLUSION.

This court denies Vega's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

It is so ordered.

DATED: Honolulu, Hawaii, May 6, 2022.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

United States v. Vega, Cr. No. 20-00026 SOM; ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE